IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALDO RAMOS MONTOYA,<br><br>   Plaintiff,<br><br>  v.<br><br>MORTGAGEIT INC, *et al.*<br><br>   Defendants.<br>_____ / | No. C 09-05889 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS; REMANDING CASE TO SUPERIOR COURT FOR COUNTY OF CONTRA COSTA** |

Various motions are scheduled for hearing on February 12, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds the matters appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand, DENIES plaintiff's request for attorney's fees and costs and DENIES the remaining motions as moot.

**BACKGROUND**

On November 16, 2009, plaintiff Ronaldo Ramos Montoya filed a complaint in the Superior Court of the State of California for the County of Contra Costa related to defendants' business practices surrounding the refinancing of, and eventual foreclosure on, plaintiff's home. Plaintiff's complaint alleges eleven state law causes of action, including a claim under the California Business and Professions Code § 17200. That claim alleges, *inter alia*, "BANCORP and MORTGAGEIT committed unfair competition under Section 17200 through the commission of the acts previously mentioned as well as numerous violations of federal and state statutes or regulations." Compl. at ¶ 79. Plaintiff also alleges that defendant BANCORP's failure to provide proper agreements and disclosure documents

"constitutes unfair competition because it is an unlawful and unfair act." *Id.* at ¶ 80. In addition to these general allegations of unfair business acts, plaintiff's UCL claim alleges that defendants have violated the Real Estate Settlement Procedures Act ("RESPA"), the Equal Credit Opportunity Act ("ECOA"), and the Truth in Lending Act ("TILA"). *Id.* at ¶¶ 81, 83, 84.

On December 16, 2009, defendants removed to this Court pursuant to 28 U.S.C. § 1441 and § 1331 on the ground that references to RESPA, ECOA, and TILA created federal subject matter jurisdiction. Notice of Removal, 2:4-6. Defendants removed this case based upon the complaint's references to federal law, asserting that those references establish federal subject matter jurisdiction because plaintiff's complaint is "arising under the laws of the United States." *Id.* at ¶ 3. Plaintiff has moved to remand and requests attorney's fees and costs, and defendants have moved to dismiss and strike portions of the complaint, and to expunge lis pendens.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447©). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921)). When ruling on a motion to remand, the court generally looks to the complaint. *See Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985).

**DISCUSSION**

**I.  Plaintiff's Motion to Remand**

Plaintiff contends that all causes of action in his complaint are grounded in California statutory and common law, and as such this case should be remanded to state court.  Plaintiff acknowledges that the UCL claim mentions federal law, but contends that the UCL claim does not depend only on the questions of federal law and can prevail on separate state law grounds. To support his motion to remand, plaintiff relies on the well established rule that he is the master of his complaint and may avoid federal jurisdiction by relying on state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendant argues that because federal law appears on the face of the complaint, there is federal jurisdiction.  Defendant cites *Moore v. Chase Bank* as authority for denying plaintiff's motion to remand. In *Moore v. Chase Bank,* the court denied a motion to remand because the "plaintiff's 'right to relief necessarily depend[ed] on resolution of a substantial question of federal law.'" *Moore v. Chase Bank*, No. 08-0350, 2008 U.S. Dist. Lexis 11337, *2 (N.D. Cal. Jan. 31, 2008) (quoting *Franchise Tax Board of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). However, "the invocation of [federal law] as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains v. Criterion Syst.*, 80 F.3d 339, 345 (9th Cir. 1996).

The Court finds *Rains* instructive in distinguishing plaintiff's case from *Moore*. In *Rains*, a defendant removed a state court action based upon the complaint's reference to Title VII as part of the plaintiff's claims for wrongful termination in violation of public policy and intentional interference with contractual relations. *Id.* at 342. To establish the basis for a public policy against religious discrimination in employment, Rains' complaint referred to the California Constitution, the California Fair Employment and Housing Act, and Title VII. *Id.* at 343. In Rains' other claim, he alleged that the defendants interfered with his contractual relations in violation of the "public policy of the United States and the State of California and the objectives underlying these policies." *Id.* The Ninth Circuit noted that it is state, not federal, law that creates both causes of action, and that the complaint's direct and indirect references to Title VII "do not make those claims into federal causes of action." *Id.* at 344. The

3

court also held that Rains had not artfully pled the complaint to avoid federal jurisdiction, but rather "he brought a state law claim and cited a federal statute as an alternate basis for establishing one element of his claim. The claim was authorized by state law and no essential federal law was omitted." *Id.* Finally, the *Rains* court held there was no "substantial federal question" presented by the complaint because Title VII was not a "necessary" element of the plaintiff's claims because the complaint also invoked state law that served the same purpose. *Id.* at 345.

Here, as in *Rains*, it is state, not federal, law that creates the cause of action. *See generally* Cal. Bus. & Prof. Code § 17200 *et seq.* The complaint's references to federal law do not convert the UCL claim into a federal cause of action. "UCL claims typically borrow violations of other laws and treat them as independently actionable." *O'Grady v. Wachovia Bank*, No. 08-5065, 2008 U.S. Dist. LEXIS 82061, at *2 (C.D. Cal. Sept. 10, 2008). In addition, a UCL claim may be based on "unfair" practices. "The statutory language referring to 'any unlawful, unfair or fraudulent' practice . . . makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." *Id.* (quoting *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527 (Cal. 1999)).

Here, the complaint alleges both unfair practices and federal violations as the basis for the UCL claim. The reference to the alleged RESPA, EOCA, and TILA violations are not a necessary element of the § 17200 claim because plaintiff could prevail on that claim by showing any "unlawful, unfair, or fraudulent practice" independent of the federal law allegations.[1] "When a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346; *see also Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001) (remanding case because unlawful prong of plaintiff's § 17200 claim could be satisfied by either state or federal law). Accordingly, the Court finds plaintiff's reference to federal law insufficient to establish federal subject matter jurisdiction and remands this case to state court.

---

[1] State and federal courts share concurrent jurisdiction over RESPA, EOCA, and TILA claims, therefore any question involving violations of federal law implicated by plaintiff's state law causes of action can be adjudicated by the state court if remand is deemed proper. *See* 12 U.S.C. § 2614, 15 U.S.C. § 1640(e), and 15 U.S.C. § 1691(f).

4

## II. Plaintiff's Request for Attorneys' Fees

Plaintiff also requests attorneys' fees and costs in the amount of $10,000 for "improper removal of this action to the United States District Court." District courts have wide discretion regarding whether to award attorney fees in an order to remand. *See Moore v. Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir.1992); *see also* 28 U.S.C. § 1447©). Under the circumstances of this case, the Court does not find it appropriate to award attorney's fees and costs. Accordingly, plaintiffs' motion for fees and costs is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand and DENIES plaintiff's request for an award of attorney's fees and costs. The Court DENIES all other pending motions as moot. [Docket Nos. 6, 10, 14, 16].

**IT IS SO ORDERED.**

Dated: February 10, 2010

SUSAN ILLSTON
United States District Judge